IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ATKINSON, | ) | CASE NO. 1:07CV144 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| STUART HUDSON, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is Michael Atkinson's ("Atkinson") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on January 18, 2007. Atkinson is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Atkinson*, Case No. CR-427712 (Cuyahoga County 2002). For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

On September 3, 2002, the May 2002 term of the Cuyahoga County grand jury indicted Atkinson. The state appellate court reviewing Atkinson's conviction found the following facts to be relevant to his case:

> The record reflects appellant originally was indicted in this case on fifty counts. All of the counts pertained to the same female victim, born on July 29, 1990, and all were alleged to have occurred between July 1999, when the victim was nine years old, and July 8, 2002, before the victim became twelve years old.

> Counts one through twenty charged appellant with forcible rape; all contained a notice of prior conviction and a repeat violent offender specification, and counts fifteen through twenty additionally each contained a force and a serious physical harm specification. Counts twenty through forty charged appellant with gross sexual imposition, counts forty through forty-five charged appellant with endangering children, and counts forty-six through fifty charged appellant with intimidation of a crime victim.
>
> The record reflects appellant's case proceeded to a jury trial. Although on that date the state decided to dismiss the last twenty-five counts of the indictment, trial itself was cut short when appellant agreed to enter into a plea bargain with the state.
>
> By the terms of the plea bargain, the state would dismiss all remaining counts but two counts of rape, and, further, would amend those counts to delete not only the notices of prior conviction and the specifications, but also the language that indicated appellant had used force to commit the offenses, in exchange for appellant's pleas of guilty to those two counts, with an agreed sentence of a total of fourteen years. The trial court accepted appellant's pleas. In accordance with the agreement, the court imposed a sentence of consecutive terms of seven years on each count. After a hearing, the trial court additionally classified appellant as a sexual predator.
>
> Approximately ten months later, appellant filed a motion to withdraw his pleas pursuant to Crim. R. 32.1. He based his motion upon a claim of innocence, and provided affidavits to prove this claim. The affidavits were those of himself, his adult female companion, and her daughter, the victim. Each asserted the rape charges actually were untrue and were the result of the victim's unhappiness with appellant's disciplinary measures. Appellant requested an oral hearing on his motion.
>
> The record reflects the state filed no response to appellant's motion. Indeed, the trial court also failed to respond, despite appellant's repeated requests for a ruling. Finally, over a year after the motion was filed, the trial court issued an order that denied it.

*State v. Atkinson*, 2005 Ohio App. LEXIS 4844, 1-4 (Ohio App. Oct. 6, 2005). Atkinson pleaded guilty on December 20, 2002, and the court sentenced him the same day. Atkinson filed on October 27, 2003 a motion to withdraw his guilty plea pursuant to Crim. R. 32.1. The trial court denied this motion on December 16, 2004.

Atkinson file *pro se* a notice of appeal in the state appellate court, appealing the

2

judgment denying leave to withdraw his guilty plea. Atkinson raised one assignment of error in his appeal:

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING WHERE THE MOTION SUFFICIENTLY DEMONSTRATED MANIFEST INJUSTICE TO WARRANT CONSIDERATION, THE MOTION WENT UNOPPOSED BY THE PROSECUTION, AND THE CONTENTS OF THE MOTION DEMONSTRATE ACTUAL INNOCENCE.

On October 27, 2005, the state appellate court affirmed the trial court's judgment.

Atkinson filed a notice of appeal in the Ohio Supreme Court on October 20, 2005. Atkinson restated in his memorandum in support of jurisdiction his single assignment of error as his lone proposition of law. The Ohio Supreme Court denied leave to appeal on February 8, 2006, dismissing the appeal as not involving any substantial constitutional question.

On July 11, 2006 Atkinson filed in the state appellate court a notice of appeal from his 2002 conviction and sentence. The docketing statement attached to his notice of appeal indicated that he would raise assignments of error arguing that trial counsel had been ineffective, his sentence was contrary to law, and the trial court erred in classifying him a sexual predator. Atkinson did not file a brief in support of his appeal. Thus, he failed to raise in the appellate court any assignments of error. On August 3, 2006, the state appellate court denied Atkinson leave to file a delayed direct appeal.[1]

On September 11, 2006, Atkinson filed a timely notice of appeal in the Ohio

---

[1] Atkinson did move pursuant to Ohio App. R. 5(A) for leave to file a delayed appeal. Rather, the appellate court construed his notice of appeal as a motion for leave to file a delayed appeal.

3

Supreme Court. In his memorandum in support of jurisdiction, Atkinson raised four propositions of law:

### PROPOSITION OF LAW I

The appellants [*sic*] guilty plea was involuntary and unintelligently made due to the fact that the trial court abused its discretion and failed to keep the promised plea bargain agreement that the State and trial counsel used to induce appellants [*sic*] guilty plea in violation of the Fourteenth Amendment under the United States Constitution and Art. I Section 10 of the Ohio Constitution.

### PROPOSITION OF LAW II

The appellants [*sic*] guilty plea was involuntary and unintelligently made due to the fact that his trial counsel was ineffective for failing to object to the trial courts [*sic*] failure to keep the promised sentence in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

### PROPOSITION OF LAW III

The appellants [*sic*] sentence is contrary to law and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I Section 10 of the Ohio Constitution pursuant to the mandates embodied in the recent Ohio Supreme Court case of State v. Foster, Supreme Court Case No. 2004-1568, and *Apprendi v. New Jersey*, (2000) 530 U.S. 466, and *Blakely v. Washington*, (2004) 124 S. Ct. 2531.

### PROPOSITION OF LAW IV

The trail court erred and violated appellants [*sic*] Fourteenth Amendment rights under the United States Constitution and Art. I Section 10 of the Ohio Const. when adjudicating him to be a sexual predator.

On December 13, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Atkinson filed his petition for a federal writ of habeas corpus on January 18, 2007.[2]

---

[2] As Respondent points out in his Answer, Atkinson did not affix a date to the petition before placing it in the prison mail. Since it is now impossible for the court to determine the date on which Atkinson placed his petition in the mail, the court will accept

Atkinson's petition asserts five grounds for relief:

<u>A.</u>   <u>Ground one</u>:  A trial court errs and abuses its discretion by denying petitioners [*sic*] motion to withdraw his guilty plea without a hearing where the motion has sufficiently demonstrated a manifest injustice warranting consideration of his motion and demonstrates a colorable showing of actual innocence.

<u>B.</u>   <u>Ground two</u>:  The petitioners [*sic*] guilty plea was involuntary and unintelligently made due to the fact that the trial court abused its discretion and failed to keep the promised plea bargain agreement that the State and trial counsel used to induce petitioners [*sic*] guilty plea in violation of the Fourteenth Amendment under the United States Constitution and Art. I Section 10 of the Ohio Constitution.

<u>C.</u>   <u>Ground three</u>:  The petitioners [*sic*] guilty plea was involuntary and unintelligently made due to the fact that his trial counsel was ineffective for failing to object to the trial courts [*sic*] failure to keep the promised sentence in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

<u>D.</u>   <u>Ground four</u>: The petitioners [*sic*] sentence is contrary to law and in violation of the Sixth and Fourteenth Amendment Rights under the United States Constitution and Article I Section 10 of the Ohio Constitution pursuant to the mandates embodied in the recent Ohio Supreme Court case of <u>State v. Foster</u>, Supreme Court Case No. 2004-1568, and *Apprendi v. New Jersey*, (2000) 530 U.S. 466, and *Blakely v. Washington*, (2004) 124 S. Ct. 2531.

<u>E.</u>   <u>Ground five</u>:  The trail court erred and violated petitioner [*sic*] Fourteenth Amendment rights under the United States Constitution and Art. I Section 10 of the Ohio Const. when adjudicating him to be a sexual predator.

Respondent filed an Answer on May 25, 2007 (Docket #10). Thus, the petition is ready for decision.

II

A. *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective

---

as the petition's date of filing the date on which the clerk docketed the petition.

jurisdiction:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). Atkinson was convicted in the Court of Common Pleas of Cuyahoga County, Ohio. Atkinson filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254. This court has jurisdiction over Atkinson's claims.

B. *Statute of Limitations*

Respondent argues that Atkinson's petition is barred by the statute of limitations on habeas corpus petitions at 28 U.S.C. § 2244(d) ("§ 2244(d)"). The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

The trial court sentenced Atkinson on December 20, 2002. The statutory period began to run on January 21, 2003, the day after Atkinson could have filed a direct appeal. Ohio App. R. 4(A). The limitations period ran for 280 days until Monday, October 27, 2003, the date on which Atkinson filed for leave to withdraw his guilty plea. The statutory period was tolled from October 27, 2003 through Wednesday, February 8, 2006, the date on which the Ohio Supreme Court denied leave to appeal the state appellate court's decision. The statutory period began running again on February 9, 2006. After running another 85 days, the period within which Atkinson could have filed a timely petition for a writ of habeas corpus expired on May 4, 2006. Atkinson filed the instant petition on January 18, 2007. Thus, Atkinson's petition is barred by the statute of limitations at § 2244(d)(1).[3]

### III

For the reasons given above the magistrate judge recommends that the court dismiss Atkinson's petition for a writ of habeas corpus.

Date: July 20, 2007    /s/Patricia A. Hemann
                        Patricia A. Hemann
                        United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *United States v.*

---

[3] Atkinson filed his motion for a delayed direct appeal on July 11, 2006, after the expiration of the statutory period set forth in § 2244(d)(1). Delayed appeals do not revive an expired statutory period. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).