UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ATKINSON, | CASE NO. 1:07CV144 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | OPINION AND ORDER |
| STUART HUDSON, WARDEN, | |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Petition (ECF DKT #1) of Michael Atkinson ("Petitioner") under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. For the following reasons, the Court ACCEPTS and ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES the Petition as untimely.

### I. FACTUAL BACKGROUND

Petitioner Michael Atkinson was originally indicted on fifty counts, including rape, which related to the same female victim. The alleged events occurred in a three-year period all before the victim was twelve years old. After trial began, Petitioner pleaded guilty to two counts of rape. The trial court sentenced Petitioner to two consecutive seven-year sentences, pursuant to a

plea bargain.

Ten months after entering a guilty plea and being sentenced, Petitioner filed a Motion for Leave to Withdraw Guilty Plea pursuant to Crim. R. 32.1. Petitioner claimed the alleged victim, his common law wife's daughter, though not related to Petitioner, made up the allegations in retaliation for his disciplinary measures. Petitioner submitted affidavits from the victim and her mother corroborating his position that the victim made up the story. The trial court denied the motion on December 16, 2004. Petitioner filed a *pro se* Notice of Appeal in the state appellate court, appealing the judgment denying leave to withdraw his guilty plea. Petitioner's sole assignment of error stated:

**ASSIGNMENT OF ERROR ONE**

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING WHERE THE MOTION SUFFICIENTLY DEMONSTRATED MANIFEST INJUSTICE TO WARRANT CONSIDERATION, THE MOTION WENT UNOPPOSED BY THE PROSECUTION, AND THE CONTENTS OF THE MOTION DEMONSTRATE ACTUAL INNOCENCE.**

The Eighth District Court of Appeals held that the trial court did not abuse its discretion when it determined the victim's recantation lacked credibility.

On October 20, 2005, Petitioner filed a Notice of Appeal, *pro se*, in the Ohio Supreme Court. The same assignment of error was cited to the Ohio Supreme Court. The Ohio Supreme Court denied leave to appeal on February 8, 2006, on the grounds the claim did not involve a substantial constitutional question.

On July 11, 2006, Petitioner filed a Notice of Appeal from his 2002 conviction in the state appellate court. While indicating he would raise arguments alleging that trial counsel had

been ineffective, his sentence was contrary to law, and the trial court erred in classifying him as a sexual predator, he did not file a brief in support of these assertions. On August 3, 2006, the state appellate court denied Petitioner leave to file a delayed direct appeal.

On September 11, 2006, Petitioner filed a Notice of Appeal with the Ohio Supreme Court. In his Memorandum in Support, Petitioner raised four propositions of law:

**PROPOSITION OF LAW I**

The appellants [sic] guilty plea was involuntary and unintelligently made due to the fact that the trial court abused its discretion and failed to keep the promised plea bargain agreement that the State and trial counsel used to induce appellants [sic] guilty plea in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

**PROPOSITION OF LAW II**

The appellants [sic] guilty plea was involuntary and unintelligently made due to the fact that his trial counsel was ineffective for failing to object to the trial courts [sic] failure to keep the promised sentence in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

**PROPOSITION OF LAW III**

The appellants [sic] sentence is contrary to law and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I Section 10 of the Ohio Constitution pursuant to mandates embodied in the recent Ohio Supreme Court Case of *State v. Foster*, Supreme Court Case No. 2004-1568, and *Apprendi v. New Jersey*, (2000) 530 U.S. 466, and *Blakely v. Washington*, (2004) 124 S. Ct. 2531.

**PROPOSITION OF LAW IV**

The trial court erred and violated appellants [sic] Fourteenth Amendment rights under the United States Constitution and Art. I Section 10 of the Ohio Const. when adjudicating him to be a sexual predator.

On December 13, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner then filed his

-3-

Petition for a Federal Writ of Habeas Corpus on January 18, 2007. In his Petition, Petitioner asserted the following grounds for relief:

A. <u>Ground one</u>: A trial court errs and abuses its discretion by denying petitioners [sic] motion to withdraw his guilty plea without a hearing where the motion has sufficiently demonstrated a manifest injustice warranting consideration of his motion and demonstrates a colorable showing of actual innocence.

B. <u>Ground two</u>: The petitioners [sic] guilty plea was involuntary and unintelligently made due to the fact that the trial court abused its discretion and failed to keep the promised plea bargain agreement that the State and trial counsel used to induce petitioners [sic] guilty plea in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

C. <u>Ground three</u>: The petitioners [sic] guilty plea was involuntary and unintelligently made due to the fact that his trial counsel was ineffective for failing to object to the trial courts [sic] failure to keep the promised sentence in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

D. <u>Ground four</u>: The petitioners [sic] sentence is contrary to law and in violation of the Sixth and Fourteenth Amendment Rights under the United States Constitution and Article I Section 10 of the Ohio Constitution pursuant to the mandates embodied in the recent Ohio Supreme Court case of *State v. Foster*, Supreme Court No. 2004-1568, and *Apprendi v. New Jersey*, (2000) 530 U.S. 466, and *Blakely v. Washington*, (2004) 124 S. Ct. 2531.

E. <u>Ground five</u>: The trial court erred and violated petitioner [sic] Fourteenth Amendment rights under the United States Constitution and Art. 1 Section 10 of the Ohio Const. when adjudicating him to be a sexual predator.

On March 21, 2007, the Petition was referred to the Magistrate Judge for a Report and Recommendation. On May 25, 2007, Respondent filed an Answer. On July 20, 2007, the Magistrate Judge issued a Report and Recommendation that the Court dismiss the Petition for Writ of Habeas Corpus. Petitioner filed a Motion for Extension of Time for his Objections to Magistrate's Report and Recommendation. After being granted an extension, Petitioner timely filed his Objections to the Magistrate Judge's Report and Recommendation on August 16, 2007.

## II. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a District Judge makes a *de novo* review of the Magistrate's Report and Recommendation when an objection is made. A District Judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Petitioner, after being granted an extension, timely filed his Objection to the Magistrate's Report and Recommendation. Thus, his objections will be reviewed *de novo*.

### B. PETITIONER'S ACTUAL INNOCENCE CLAIM DOES NOT CIRCUMVENT THE ONE YEAR STATUTE OF LIMITATIONS AND ACT AS AN EXCEPTION TO HIS OTHERWISE TIME-BARRED WRIT OF HABEAS CORPUS.

Petitioner contends his Writ of Habeas Corpus should be granted because 28 U.S.C. § 2244(d) allows for an exception to his otherwise time-barred writ. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244 ("§ 2244"), limits the time within which a person in custody of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

-5-

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

According to the Magistrate Judge's Report and Recommendation, the Petition is barred by the statute of limitations at § 2244(d)(1). The Magistrate reported:

> The trial court sentenced Atkinson on December 20, 2002. The statutory period began to run on January 21, 2003, the day after Atkinson could have filed a direct appeal. Ohio App. R. 4(A). The limitations period ran for 280 days until Monday, October 27, 2003, the date on which Atkinson filed for leave to withdraw his guilty plea. The statutory period was tolled from October 27, 2003 through Wednesday, February 8, 2006, the date on which the Ohio Supreme Court denied leave to appeal the state appellate court's decision. The statutory period began running again on February 9, 2006. After running another 85 days, the period within which Atkinson could have filed a timely petition for a writ of habeas corpus expired on May 4, 2006. Atkinson filed the instant petition on January 18, 2007. Thus, Atkinson's petition is barred by the statute of limitation at § 2244(d)(1)[1]. (Mag. Rep. 7.)

While Petitioner cites to § 2244(d) as being an exception to the statute of limitations, he provides no support, either factual or through case law, to state why § 2244(d) is applicable. He provides no dates to show when his claims could have been discovered through due diligence. The affidavits supporting his claim of actual innocence date back to 2003 and have been reviewed and repeatedly denied by Ohio courts.

The Sixth Circuit recognizes an actual innocence exception to the statute of limitations under the AEDPA. *Souter v. Jones*, 385 F. 3d 577, 599 (6th Cir. 2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to

---

[1] Atkinson filed his Motion for a Delayed Direct Appeal on July 11, 2006, after the expiration of the statutory period set forth in § 2244(d)(1). Delayed appeals do not revive an expired statutory period. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).

pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602. However, this exception to the statute of limitations requires new evidence which would "undermine this court's confidence in the outcome of the trial." *Id.* at 600. Petitioner pleaded guilty to two counts of rape and therefore, waived his rights to a trial by jury. Further, Petitioner's actual innocence claims, supported by affidavits, were presented to the trial court and appellate court at the state level, so the affidavits do not constitute "new evidence," which is required for the actual innocence exception. *Id.* As a result, Petitioner's writ is denied because he has failed to produce new evidence of actual innocence.

C. **PETITIONER'S SENTENCE OF TWO CONSECUTIVE SEVEN-YEAR TERMS DOES NOT VIOLATE HIS SIXTH AMENDMENT RIGHTS.**

Petitioner was sentenced to two consecutive seven-year terms under the Plea Agreement. Petitioner claims his sentence was unconstitutional because it imposed a "greater-than-minimum" sentence. Under *Apprendi* and *Blakely*, and Ohio's application of *Blakely* in *State v. Foster*, Petitioner argues his sentence should be overturned be cause it is unconstitutional.[2] Petitioner's arguments fail for the following reasons.

1. **Petitioner does not benefit from the *Apprendi* decision on the grounds that his sentence is unconstitutional.**

Under the *Apprendi* decision, a conviction may be overturned if the judge considers evidence in the sentencing phase, under sentencing guidelines, which should have been submitted to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 549 (2000). Petitioner's claim that his sentence was unconstitutional does not fall within *Apprendi*. The record at Petitioner's

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also Blakely v. Washington*, 542 U.S. 296 (2004); *State v. Foster*, 109 Ohio St. 3d, 2006-Ohio-856, 845 N.E.2d 470.

-7-

sentencing hearing further reflects the judge considered no extra evidence in sentencing him to two consecutive seven-year sentences. (Sent. Hr'g at 9.) Additionally, the sentence imposed by the judge was not enhanced, which is required for *Apprendi* to be applicable. (Sent. Hr'g at 5, 9.) Rather, the sentence was determined by the parties in the plea bargain. Consequently, Petitioner's argument that *Apprendi* overturns his sentence fails.

### 2. Ohio's adoption of *Blakely* in *Foster* does not further Petitioner's argument that his sentence is unconstitutional.

In *Blakely*, the Supreme Court applied the holding in *Apprendi* that any sentence enhancement needs to be supported by facts admitted by defendant or facts found by a jury. *Blakely v. Washington*, 542 U.S. 296, 301 (2004). The sentence violated Blakely's Sixth Amendment right to trial by jury and was invalid. *Id.*

Petitioner argues his sentence, based on Ohio's Truth-in-Sentencing Laws, violates the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution. However, he provides no support for this argument. Further, Petitioner was sentenced pursuant to the agreed sentence based on his Plea Agreement. As the Respondent notes, Petitioner's imposed sentences of two seven-year consecutive terms were not maximum sentences because he could have received ten years for each felony rape conviction. (Rep't Ans. at 27; *see also* R.C. § 2929.14(A)(1)) The record indicates the judge made no evidentiary findings during the sentencing hearing. (Sent. Hr'g at 9.) Also, "Atkinson's claim was procedurally defaulted because he entered a guilty plea with an agreed sentence as described in R.C. 2953.08(D)." (Rep't Ans. at 28.) Further, *Blakely* does not apply to cases retroactively. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). In sum, *Blakely*

-8-

does not afford Petitioner relief.

Ohio recognized that some sentencing statutes in Ohio were unconstitutional. *State v. Foster*, 109 Ohio St. 3d, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 60 . *Foster* pertains only to cases pending and not yet final. *Id.* at ¶ 104-06. As noted by Respondent, "Atkinson's conviction was not pending on direct appeal at the time *Foster* was decided, to-wit, February 27, 2006. Thus, *Foster* may not be applied to Atkinson's conviction and sentence." (Rep't Ans. at 30.)

### 3. Petitioner's assertion that sentencing statute R.C. § 2929.14(B) is unconstitutional has no bearing on his sentence.

Petitioner cites to Ohio Revised Code § 2929.14(B) in relation to his sentence. The language of section (B) indicates the sentences should be minimum *unless* one of the below factors apply:

> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

*Foster* did find that part of § 2929.14(B) violated *Blakely* principles because it required judicial fact-finding before imposing more than a minimum sentence. *Foster* at ¶ 61. The unconstitutionality of the statute is inapplicable to Petitioner's case. *Foster* holds the minimum sentences are discretionary and do not apply if the seriousness of the crime "will inadequately protect the public" or if the court finds the offender has already been to prison. *Id.* at ¶ 60-61; *see also* R.C. § 2929.14(B).

Additionally, *Foster* pertains only to cases pending and not yet final, and Petitioner's claim was not pending at the time *Foster* was decided. *Foster* at ¶ 104-06. While § 2929.14(B) was severed, the Court in *Foster* held that "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." *Id.* at 99. Under § 2929.14(A), Petitioner was sentenced to one of the available prison terms under § 2929.14(A)(1) when he received two seven-year sentences for his felonies. He was sentenced to the agreed terms under the Plea Agreement. (Sent. Hr'g at 9.)

### III. CONCLUSION

For the foregoing reasons, the Court finds Petitioner's habeas petition is barred by the one-year limitations set forth in the AEDPA. The Court ADOPTS and ACCEPTS the Magistrate Judge's Report and Recommendation. Therefore, the Petition under 28 U.S.C. § 2254 is DENIED. The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

DATE: 6/20/08

*Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**